# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# BRUNSWICK DIVISION

| | |
|---|---|
| COREY CHARLES SCOTT, | |
| Plaintiff, | CIVIL ACTION NO.: 2:16-cv-55 |
| v. | |
| CAMDEN COUNTY JAIL, SHERIFF JIM PROCTOR, SERGEANT ERIC WATSON, and PAROLE OFFICER KYLE GRIMES, | |
| Defendants. | |

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is currently an inmate at Camden County Jail in Woodbine, Georgia, submitted a Complaint pursuant to 42 U.S.C. § 1983 alleging that Defendants violated his constitutional rights. (Doc. 1.) The Court has conducted the requisite frivolity review of that Complaint. For the reasons set forth below, I **RECOMMEND** that the Court **DISMISS** Plaintiff's Complaint, **CLOSE** this case, and **DENY** Plaintiff *in forma pauperis* status on appeal.

## BACKGROUND[1]

Plaintiff filed this action on April 20, 2016, against the named Defendants for violating his due process rights and ability to access the courts. (Id.) Plaintiff contends that Defendants violated his due process rights because they did not conduct a timely probable cause hearing before denying him parole. Additionally, Plaintiff states that Defendants did not provide him access to an adequate law library to contest the alleged due process violation. (Id. at pp. 6–7.) Plaintiff claims that the only law books available at Camden County Jail are local statute books

---

[1] The below recited facts are taken from Plaintiff's Complaint and are accepted as true, as they must be at this stage.

which are over 20 years old.  (Id. at pp. 6, 14.)  Although the local public defender's office provides additional legal services, Plaintiff alleges that this does not alleviate the constitutional violations because the office does not handle parole violations.  (Id. at p. 9.)

## STANDARD OF REVIEW

Plaintiff seeks to bring this action *in forma pauperis*.  Under 28 U.S.C. § 1915(a)(1), the Court may authorize the filing of a civil lawsuit without the prepayment of fees if the plaintiff submits an affidavit that includes a statement of all of his assets, shows an inability to pay the filing fee, and also includes a statement of the nature of the action which shows that he is entitled to redress.  Even if the plaintiff proves indigence, the Court must dismiss the action if it is frivolous or malicious, or fails to state a claim upon which relief may be granted.  28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii).  Additionally, pursuant to 28 U.S.C. § 1915A, the Court must review a complaint in which a prisoner seeks redress from a governmental entity.  Upon such screening, the Court must dismiss a complaint, or any portion thereof, that is frivolous or malicious, or fails to state a claim upon which relief may be granted or which seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).

The Court looks to the instructions for pleading contained in the Federal Rules of Civil Procedure when reviewing a Complaint on an application to proceed *in forma pauperis*.  See Fed. R. Civ. P. 8 ("A pleading that states a claim for relief must contain [among other things] . . . a short and plain statement of the claim showing that the pleader is entitled to relief."); Fed. R. Civ. P. 10 (requiring that claims be set forth in numbered paragraphs, each limited to a single set of circumstances).  Further, a claim is frivolous under Section 1915(e)(2)(B)(i) "if it is 'without arguable merit either in law or fact.'"  Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)).

Whether a complaint fails to state a claim under Section 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). Thompson v. Rundle, 393 F. App'x 675, 678 (11th Cir. 2010). Under that standard, this Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A plaintiff must assert "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice. Twombly, 550 U.S. at 555. Section 1915 also "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Bilal, 251 F.3d at 1349 (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).

In its analysis, the Court will abide by the long-standing principle that the pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972); Boxer X v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys.") (emphasis omitted) (quoting Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003)). However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules. McNeil v. United States, 508 U.S. 106, 113 (1993) ("We have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.").

**DISCUSSION**

**I.   Access to the Courts and Due Process Claims**

Plaintiff alleges that Defendants stymied his ability to access the courts by providing an inadequate law library with no computers and only local statute books available for legal research. (Doc. 1, pp. 6, 14.) Plaintiff further states that the public defender's office does not sufficiently supplement the inadequacies of the law library because they do not work on parole violations. (Id. at pp. 9, 17.) Access to the courts is clearly a constitutional right, and this fundamental right "requires prison authorities to . . . provid[e] prisoners with adequate law libraries or adequate assistance from persons trained in the law." Bounds v. Smith, 430 U.S. 817, 828 (1977). However, the Supreme Court's subsequent decision in Lewis v. Casey clarifies that "Bounds did not create an abstract, freestanding right to a law library or legal assistance, [and] an inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense." 518 U.S. 343, 351 (1996). Actual injury is a prerequisite to asserting an access to the courts claim. In interpreting the actual injury requirement, the Eleventh Circuit stated:

> The actual injury which the inmate must demonstrate is an injury to the right asserted, i.e. the right of access. Thus, the prison official's actions which allegedly infringed on an inmate's right of access to the courts must have frustrated or impeded the inmate's efforts to pursue a nonfrivolous legal claim. See Lewis, 518 U.S. at 352–54. Further, the legal claim must be an appeal from a conviction for which the inmate was incarcerated, a habeas petition or a civil rights action. See id., 518 U.S. at 352–57.

Bass v. Singletary, 143 F.3d 1442, 1445 (11th Cir. 1998).

Plaintiff's Complaint indicates that prison officials did not frustrate or impede his efforts to pursue a legal claim. In fact, the grievance report attached to Plaintiff's Complaint shows that prison officials actually assisted Plaintiff in accessing the materials he wanted. The report states,

4

"Inmate was advised in person that we will try to get the means that he needs for his law research. Inmate was supplied temporary use of the volume needed by the Public Defender's Office so he could prepare his case." (Doc. 1, p. 17.)

Even if that were not true, Plaintiff has not set forth any factual allegations detailing his pursuit of a non-frivolous legal claim. <u>Lewis</u> defines a nonfrivolous legal claim as "direct appeals from the convictions for which they were incarcerated . . . habeas petitions . . . [or] civil rights actions under 42 U.S.C. § 1983 to vindicate basic constitutional rights." 518 U.S. at 2181–82 (citations omitted). Plaintiff asserts that he needed an adequate law library to pursue a due process violation—the lack of a "probable cause hearing within an [sic] reasonable time" for a parole revocation. (Doc. 1, p. 6.) However, in <u>Spear v. Nix</u>, the Eleventh Circuit determined that there is no due process violation when a prisoner is denied parole or parole consideration. 215 F. App'x 296, 899 (11th Cir. 2007). Georgia's parole system does not create a protected liberty interest because there is no legitimate expectation of parole. <u>Id.</u> Furthermore, there is no constitutional right to parole. <u>Greenholtz v. Inmates of Neb. Penal & Corr. Complex</u>, 442 U.S. 1, 7 (1979). No due process violation occurred when Plaintiff was denied a parole hearing because neither the Constitution nor the state of Georgia provides Plaintiff with a constitutionally protected liberty interest in parole. Therefore, Plaintiff did not have an actual injury from the inadequate law library because he was not pursuing a non-frivolous claim to vindicate basic constitutional rights.

For these reasons, the Court should **DISMISS** Plaintiff's access to the courts and due process claims against Defendants.

## II. Eighth Amendment Claims

Plaintiff briefly states that denying him access to an adequate law library is also cruel and unusual punishment. (Doc. 1, p. 16.) The cruel and unusual punishment standard of the Eighth Amendment requires prison officials to "ensure that inmates receive adequate food, clothing, shelter, and medical care." Farmer v. Brennan, 511 U.S. 825, 832 (1994). Generally speaking, however, "prison conditions rise to the level of an Eighth Amendment violation only when they involve the wanton and unnecessary infliction of pain." Chandler v. Crosby, 379 F.3d 1278, 1289 (11th Cir. 2004) (quotations omitted). Thus, not all deficiencies and inadequacies in prison conditions amount to a violation of a prisoner's constitutional rights. Rhodes v. Chapman, 452 U.S. 337, 349 (1981). The Constitution does not mandate comfortable prisons. Id. Prison conditions violate the Eighth Amendment only when the prisoner is deprived of "the minimal civilized measure of life's necessities." Id. at 347.

The Eighth Amendment does not cover access to adequate law libraries, and Plaintiff does not make any factual allegations about being denied food, clothing, shelter, medical care, or any other minimal necessities. In fact, Plaintiff asserts that he "did not sustain any physical injuries at all." (Doc 1, p. 7.) To the extent Plaintiff brings separate Eighth Amendment claims for cruel and unusual punishment, the Court should **DISMISS** these putative claims.

## III. Fourteenth Amendment Claims

Plaintiff also asserts that lack of access to an adequate law library deprives inmates of equal protection under the law. (Id. at p. 15.) To state a valid equal protection claim under the Fourteenth Amendment, a prisoner must show: (1) that other "similarly situated" inmates received more favorable treatment, and (2) that this discriminatory treatment is based on some constitutionally protected interest such as race. Jones v. Ray, 279 F.3d 944, 946–47 (11th Cir.

2001). Additionally, a prisoner must demonstrate that the defendants were motivated by a discriminatory intent or purpose. See Parks v. City of Warner Robins, 43 F.3d 609, 616 (11th Cir. 1995) (requiring "proof of discriminatory intent or purpose" to show an Equal Protection Clause violation); Elston v. Talladega Cty. Bd. of Educ., 997 F.2d 1394, 1406 (11th Cir. 1993) (requiring a plaintiff to demonstrate that the challenged action was motivated by an intent to discriminate in order to establish an equal protection violation). Potential indicators of discriminatory intent include "a clear pattern of disparate impact, unexplainable on grounds other than [some constitutionally protected interest]; the historical background of the challenged decision or the specific events leading up to the decision; procedural or substantive departures from the norm; and the legislative or administrative history of the challenged statute." Parks, 43 F.3d at 617 (citation omitted).

Plaintiff's Complaint does not establish any of the elements of an equal protection claim. He does not plausibly allege that he received less favorable treatment from other similarly situated inmates, that he was a member of a constitutionally protected class, or even that Defendants were motivated by a discriminatory intent or purpose. Thus, to the extent Plaintiff brings separate Fourteenth Amendment claims for equal protection violations, the Court should **DISMISS** Plaintiff's Fourteenth Amendment claims.

### IV. Leave to Appeal *in Forma Pauperis*

The Court should also deny Plaintiff leave to appeal *in forma pauperis*.[2] Though Plaintiff has, of course, not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal. Fed. R. App. P. 24(a)(3) (trial court may certify that appeal is not take in good faith "before or after the notice of appeal is filed").

---

[2] A certificate of appealability is not required in this Section 1983 action.

An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. Cty. of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Or, stated another way, an *in forma pauperis* action is frivolous and, thus, not brought in good faith, if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Plaintiff's action, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, the Court should **DENY** Plaintiff *in forma pauperis* status on appeal.

## CONCLUSION

For the reasons set forth above, I **RECOMMEND** that the Court **DISMISS** all of Plaintiff's Complaint, **CLOSE** this case, and **DENY** Plaintiff *in forma pauperis* status on appeal.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within fourteen (14) days of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be

served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge. The Clerk of Court is **DIRECTED** to serve a copy of this Report and Recommendation upon the Plaintiff.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 22nd day of June, 2016.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA